Nash, J.
 

 Two questions are presented by this case to the consideration of the Court. The plaintiff claims title under a sheriff’s deed, and, to establish it, offered in evidence a copy of a decree in Equity made in the Supreme Court in his favor against the defendant. The introduction of this evidence was opposed by the defendant, for the reason that copies of the bill and answer, filed in the case, ought also to be in evidence. The Court admitted the evidence. In this, we think, there was error.
 
 *289
 
 The opinion of the Court below was endeavored to be sustained here, upon the act of 1848, ch. 53, passed, as it declares “ to secure the title of purchasers of land sold under execution.” It provides, that, “ when lands had been sold or might be hereafter sold, by virtue of any writ of execution, &c., no variance between the execution' and the judgment, whereon it issued, &c., shall invalidate the title of the purchaser.” In the case of
 
 Rutherford
 
 &
 
 Ra
 
 burn, 10 Ired. 148, the Court decided, that the effect of that act is-to restore the common law on that subject.— By the common law, the execution not only justified the sheriff in acting under it, but the purchaser at the sale, in an action against the defendant in the execution, or one coming in under him after the lien attached, need not show the judgment. A contrary rule was established in this state by the case of
 
 Hamilton
 
 & Adams, 2 Mur. 161, and was considered the law until the passage of the act above mentioned. In
 
 Raburn
 
 & Rutherford, however, the court restrained the operation of the act to cases,where the purchaser is not the plaintiff in the execution’. "When he is, he must show a judgment, not to show that there is no variance between it and the execution, but that the plaintiff had a just claim against the defendant and it had been ascertained by a judgment — and to this, the case of
 
 Lake
 
 v.
 
 Billers,
 
 1st Lord Raymond, is cited._ If it was necessary, then, for the plaintiff to produce a copy of the decree in Equity, which we hold to be the law in such a case, the copy of the decree alone will not answer. To make it evidence, it was necessary for him to have the bill and answer and so much of the pleadings and orders, as would show, that the decree was pronounced in a cause properly constituted between the parties.
 
 Williamson
 
 v.
 
 Bedford,
 
 10th Ire. 198. Another question was presented by the case, the decision of which is not necessary to the disposition of the case at present, yet, as it must be presented to another jury, and
 
 *290
 
 may
 
 again
 
 arise, to save
 
 time
 
 and trouble, we proceed to ■give ouropinion upon it. The defendant offered to prove, that, before the decree offered in evidence was obtained, he conveyed the land in dispute to one Locke in trust to secure his endorsers to a bank debt, which he owed, and that the said trustee on the 23d of November 1846, had sold the premises at auction to one Nathan Chaffin, to whom he made a conveyance and who leased the land to him and under whom he now held it. This evidence was rejected by the court. In an ejectment brought by a purchaser at a sheriff’s sale, against the defendant in the execution, the latter, while still in possession, cannot resist. upon the ground, that he, the defendant, has a better title.
 

 The action of ejectment is to recover possession, and whatever possession the defendant in the execution had, the purchaser acquires by the sale and is entitled to recover.
 
 Thompson
 
 v.
 
 Hodges, 3 Mur.
 
 546.
 
 Islay v. Stewart.
 
 4 Dev. & Bat. 160. Our attention in the argument was called to
 
 Marsh’s case
 
 in 9th Ir. This opinion is not in conflict with it. It was decided on its own peculiar features. The land had been sold under executions against the defendant for different persons, to one of whom he was considered as having surrendered the possession and he took a new lease, after the last sale by the sheriff.
 

 Per Curiam. Judgment reversed and
 
 venire de novo.