R. H. & C. C. LYON *v.* J. L. McMILLAN.

It is error to set aside a judgment obtained at a regular term of the Court upon motion, without notice so the adverse party.

(*Sutton* v. *McMillan*, decided at this term, cited and approved.)

MOTION to set aside a judgment heard before *Russell*, *J.*, at Chambers.

The judgment was obtained at Spring Term, 1872, Bladen Superior Court, on a note under seal, made by the defendant to one Julia Callahan, which note had been transferred to the plaintiff, for value received.

The plaintiff filed a complaint demanding judgment for four hundred and five dollars, with interest from May 24th, 1870, and for cost, $900. The defendant failing to file an answer, and no attorney's name being marked on the docket for him, on the last day of the term the plaintiff moved for and obtained judgment by default, for the amount demanded.

E. W. Kerr, an attorney at law, who was the partner of A. A. McKay, who was the attorney of the defendant, but failed to attend Court at that time, was in attendance upon the Court during the whole term, at which said judgment was rendered, but was unknown to the defendant as an attorney or in any other way. The defendant was personally present in Court several times during the term at which said judgment was rendered.

On the 27th April, 1874, before Judge Russell, the defendant moved for and obtained an order to set aside the judgment in said action.

No notice was ever given to the plaintiffs or either of them, of the said motion, and they did not know that such order had been made until September 21st, 1874, when the order was shown by the Clerk of said Court, at which time they caused an appeal to be entered.

*R. H. & C. C. Lyon*, for appellant.
*E. W. Kerr*, contra.

SETTLE, J. A judgment obtained at a regular term of the Court was set aside by his Honor at Chambers, on motion of the defendant. No notice of such motion having been given to the plaintiff. See *Sutton* v. *McMillan*, at this term.

There is error. Let this be certified.

PER CURIAM.                                        Judgment reversed.