JOHN G. CHAMBERS, Adm'r., *v.* ISAAC BRIGMAN and HENRY DEWEESE.

A plaintiff can claim no benefit by a purchase which is made under a decree in an action to which he knows that the person against whom it was made, and who is in possession of the land, claiming it as his own, was not truly a party. Had any one other than the plaintiff been the purchaser, the case might have presented more difficulty. (See *Jennings* v. *Stafford*, I Ired., 404.)

MOTION, for a writ of possession, heard before HENRY, J., at Chambers, in MADISON County, May ——, 1875.

The facts necessary to an understanding of the case, are fully stated in the opinion of the Court.

There was judgment in favor of the plaintiff, and the defendant appealed.

*Smith & Strong* and *C. A. Moore,* for the appellants.
*J. H. Merrimon,* contra.

RODMAN, J. This case comes before us on an appeal from an order granting a writ of assistance to put the plaintiff in possession of certain lands possessed by one Deweese. To make our opinion intelligible, it is necessary to state the previous proceedings on which the order appealed from was made.

On April 12th, 1873, the plaintiff, as administrator of John Brigman, issued a summons against Isaac Brigman. At the return Term, the following entry appears on the record: " Henry Deweese makes himself a party defendant," &c. The plaintiff then filed his complaint, in which he sets forth: That on December 11th, 1858, the defendant, Isaac Brigman, made his note to May H. Brigman, by which he promised to pay to said May $500 on the 25th December, 1860. May Brigman assigned said note to plaintiff's

intestate, who endorsed it to one Neilson, who at Spring Term, 1871, of Buncombe Superior Court, recovered judgment upon it against Isaac Brigman and plaintiff as administrator, which judgment plaintiff paid. The consideration of said note was an agreement by May Brigman to procure plaintiff's intestate, John Brigman, to agree to convey certain lands to Isaac Brigman. And John Brigman did shortly thereafter deliver to Isaac, his (John's) covenant to convey said lands to Isaac. The complaint further states that Isaac had never paid said note or judgment, and that the plaintiff and the heirs of John Brigman were ready and willing to make him a title for said lands on his paying said judgment, and prayed that in default of his making such payment within a time to be stated, the said lands might be sold by a commissioner, appointed by the Court, and the proceeds applied to pay what was due the plaintiff by reason of the premises, and the residue paid to said Isaac. There being no answer filed to the complaint, the Judge (on 14th October, 1873) gave judgment to the effect, that if, upon plaintiff's tendering to defendants or filing in the office of the Clerk of the Court, a conveyance for the lands, defendants should refuse or fail to pay the sum adjudged to be due to the plaintiff, the Clerk should sell said lands and from the proceeds pay said sum, &c. The Clerk afterwards sold under this judgment, and the plaintiff became the purchaser. Finding Deweese in possession of part of the land which he refused to give up, the plaintiff moved for a writ to evict Deweese and put him, the plaintiff, in possession. Notice of this motion was served on Deweese, who, in answer thereto, stated the following facts: That on 20th January, 1870, Isaac Brigman assigned to him and to Matilda Brigman for value, his interest in said land under the said covenant of John Brigman, and that at the time of such assignment he had no notice of any lien of said John upon the land. That upon said assignment, he took posses-

sion of one part of the land, and Matilda of another part, where they have since continued to reside. That no process in said action of the plaintiff against Isaac Brigman was ever served on him ; that he never appeared therein, or authorized any one to appear for him, and that he had no notice that he had been made a party, or that an appearance had been entered for him until after the sale made by the Clerk.

McElroy swears that he was attorney for Isaac Brigman in the action. That he was never employed or authorized by Deweese to represent him. That he was applied to by the attorney of the plaintiff to consent that Deweese should be made a party defendant, when he told the attorney, that he had no authority to do so. But upon being informed by Isaac Brigman that he thought it would be all right, he did consent, and the entry making Deweese a party was thereupon made.

Deweese moves that the entry by which he was made a party be stricken out, and all the subsequent proceedings be declared void as to him. The Judge does not find as a fact, whether Deweese authorized the entry making him a party defendant or not. Considering that the whole defence of Deweese rested upon the fact that he was not duly or knowingly a party to the proceedings, but had been made so without his knowledge or consent ; and that the only ground upon which an order to evict Deweese could rest was, that he was a party to the previous proceedings, we think the Judge should have plainly and distinctly found whether Deweese had authorized the entry making him a party, or had not.

This analysis of the record enables us to say that several of the questions discussed by counsel may be passed over, as not at present ready for decision.

We are not in a condition to say :

1. Whether the plaintiff had a lien on the land for the

purchase money which followed it into the hands of Deweese and Matilda Brigman. Clearly this cannot be determined in the absence of those parties.

2. When land is sold by a Commissioner appointed by a Court, it may be a reasonable and convenient practice for the Court to issue its writ to put the purchaser in possession, and evict *all persons who were parties to the action,* instead of leaving the purchaser to his action of ejectment. It seems to be the course in several States, but if it has ever been done in this State, it has not been usual, and as the question is not necessarily presented, we express no opinion on it. The only question which we are called on to decide is this:

Assuming for the present, and subject to the finding of the proper tribunal, that Deweese never authorized or consented to the entry by which he was made a party defendant to the action of the plaintiff, is he bound by the proceedings therein? To this there can be but one answer; he is not. No one can contend that a plaintiff can take any benefit by a purchase which is made under a decree in an action to which he knows that the person against whom it was made, and who was in possession of the land, claiming it as his own, was not truly a party. Had any one other than the plaintiff have been the purchaser the case might have presented more difficulty. But see *Jenninys* v. *Stafford,* 1 Ired., 404.

According to the affidavit of McElroy, the plaintiff knew that McElroy had no authority to represent Deweese, and that Deweese was irregularly made a party. The plaintiff may not have been guilty of an intentional wrong in suggesting to McElroy to consent that Deweese be made a party when he had no authority to consent, but he is guilty of a wrong if he seeks to take advantage of such an unauthorized appearance.

The question on which the case turns at present is thus seen to be a very simple one, and one of fact which can only be determined, in the first instance, by the Judge of the Su-

perior Court. If he finds that the entry making Deweese a party was without his authority or consent, and that such want of authority was known to the plaintiff's attorney, as McElroy says it was, he will order the record to be amended by striking out and vacating such entry, which will of course have the effect of vacating all subsequent proceedings as to Deweese.

The judgment below cannot be supported in the absence of a distinct finding on the fact in question. It is, therefore, reversed, and the case is remanded to the end that the Judge may find the fact one way or the other, and may act on Deweese's motion to amend the record, according as he may find the fact to be.

Deweese will recover costs in this Court. Let this opinion be certified, &c.

PER CURIAM.                    Judgment accordingly.