J. F. BOGGS v. JOHN D. DAVIS, Sheriff.

*Justice's Process—Failure to Return—Amercement.*

Under the act of 1874–'75, ch. 33, a justice of the peace has no power to amerce the sheriff of a county other than that in which he hold his court, for failure to make due return to process issued by such justice. He can only amerce the sheriff of his county when he fails to perform the duties imposed by that act.

MOTION for a Judgment *nisi* against a sheriff for failing to execute and make due return of a summons, heard on appeal at Fall Term, 1879, of ONSLOW Superior Court, before *Eure, J.*

The facts necessary to an understanding of the opinion are as follows: The plaintiff brought an action in a justice's court against two defendants, one living in Onslow and the other in Carteret county. It was alleged that the summons sent by registered letter to the defendant sheriff of Carteret (with his fee which was received) to be served on the party residing in his county, was not served and returned in due time, to the justice of the peace in Onslow who issued the process. Thereupon a motion was made before the justice for judgment *nisi*, and on notice to show cause, &c., the judgment was made absolute, and the defendant appealed to the superior court. Upon the hearing, His Honor reversed the judgment of the justice and the plaintiff appealed.

*Messrs. Green & Stevenson*, for plaintiff.
*Mr. A. G. Hubbard*, for defendant.

ASHE, J.   Before the act of 1874–'75, ch. 33, no court had the authority to amerce a sheriff except a court of record. A justice of the peace had no such power. By reference to

section 15 of chapter 106 of Battle's Revisal, which before
the act 1874–'75, was the only authority for imposing a pen-
alty on a sheriff for not making due return of process, it
will be seen that the penalty of one hundred dollars is given
to the party aggrieved by order of the court, upon motion
and proof of delivery of the process, unless such sheriff can
show sufficient cause to the court at the next succeeding
term after the order. The act refers to courts having regu-
lar terms, prescribed by law, and cannot be construed to
embrace the courts of justices which have no regular terms.
Such a power has never been claimed by or accorded to
justices of the peace until the act of 1874–'75. Before that
act the sheriff who failed to execute and make due return
of process issued to him by a justice of the peace might
have been sued by the party aggrieved if he had sustained
any special damage in consequence of his default, or per-
haps he might have subjected himself to a criminal prose-
cution for a neglect of duty. But he could not be amerced
by a justice whose authority was often defied and sometimes
treated with contempt by sheriffs who were hard to under-
stand, why it was that they were called upon to discharge
duties that peculiarly belonged to the constables. In con-
sequence, the processes issued by justices were often neither
served nor returned, and to remedy this mischief the act of
1874–'75 was passed, which provides " that any sheriff by
himself or his lawful deputies, and every constable shall
execute all writs and other process, to him legally issued or
directed from a justice's court *within* his county and make
due return thereof under the penalty of forfeiting one hun-
dred dollars for each neglect or refusal, when such process
shall be delivered to him, ten days before the return thereof,
to be paid to the party aggrieved by the order of said court,
upon motion and proof of delivery, unless such sheriff or con-
stable can show sufficient cause to the court at a day within

three months from the date of the entry of judgment *nisi*, of which the said officer shall be duly notified."

But our case does not fall within the purview of this act. It says "shall execute all writs and other process to him legally issued and directed from a *justice's court within his county*." Whether these words italicised were put into the act by design or inadvertence it is needless to inquire. It is so written, and being a penal statute it must be strictly construed and cannot be enlarged by implication. A justice has no power by virtue of the act to amerce the sheriff of a county, different from that in which he holds his court. He can only amerce the sheriff of his own county when he fails to perform the duties imposed by the act.

No error.                                    Affirmed.