JESSE S. DICKEY, Administrator of B. K. DICKEY v. H. A. DICKEY, et al.

*Practice—Petition to Sell Decedent's Land for Assets— Motion of Creditor to Be Made Party Plaintiff.*

1. Creditors of a decedent cannot be permitted to become parties plaintiffs with the personal representative in a proceeding to sell land for assets.

2. Creditors dissatisfied with the conduct of the affairs of the estate by the administrator have ample remedies under *The Code*, Sections 1448–1477.

PETITION by plaintiff for sale of land of his decedent for assets, pending in CHEROKEE Superior Court and heard by *Robinson, J.*, at Fall Term, 1895, of said court, on appeal from a judgment of the clerk denying a motion of J. Johnson, a creditor of the estate, to be made a party plaintiff with the administrator. His Honor reversed the order of the clerk, and plaintiff appealed.

*Mr. J. W. Cooper*, for plaintiff (appellant).
No counsel, *contra.*

MONTGOMERY, J.: There was pending in the superior court of Cherokee county, before the clerk, proceedings instituted by Dickey, administrator of Dickey, against the heirs-at-law of petitioner's intestate, for the sale of the real estate of the intestate, the proceeds to constitute assets for the payment of his debts. The clerk had made two orders or decrees of sale, the former of date December, 1886, and embracing a part only of the real estate of the intestate, and the latter dated June, 1889, embracing the remainder. The administrator had complied with the first order only partially, and with the last in no respect, when one Johnson, in August, 1894, alleging himself to be a creditor of the intestate, had a notice to be issued by the clerk and served on the administrator to the effect that on a day named in the notice he would move before the clerk to be made a party plaintiff in the proceedings and for a judgment for his debt. On the day named in the notice Johnson appeared before the clerk, and, in a petition setting out the alleged facts as above recited, moved to be made a party plaintiff and for a judgment on his debt, and that the administrator should proceed to sell the lands. The clerk refused the motion and dismissed the petition of Johnson, from which he appealed. The court

allowed Johnson to be made a party plaintiff, and at a subsequent term, for want of an answer by the administrator, adjudged, as by default, that the facts stated in the petition of Johnson were true, declared that the debt claimed by him was due and ordered the administrator to proceed to sell the land for the benefit of all the creditors, and to report to the next term of the court.

These proceedings, from time of their commencement at the issuing of the notice by Johnson before the clerk to the last order of the court below, cannot be sustained. They are altogether irregular. Creditors cannot be permitted to become parties plaintiffs with the personal representative in proceedings of this kind. All sorts of confusion and delay might and would be the result thereof. The representative might be embarrassed in every step he took to close up his administration. And, besides, Johnson had a plain and full remedy provided by statutory provision, and, if he has neglected to avail himself of it, it is his own fault. The Sections of *The Code* from 1448 to 1478 both inclusive give creditors all the rights and remedies they need to prove their debts and to enforce their payment by the administrator to the extent of the value of the estate allowed by law to be appropriated to that purpose.

In the case before us, under Section 1474 of *The Code*, it would be unnecessary for the clerk to issue the process there referred to for the parties are all in court and it is only necessary to compel the administrator to proceed with the sale of the land. From the reports and petitions of the administrator, himself, it appears that he has been very negligent, and that he has violated the order of the court without making any sufficient excuse for so doing. The clerk was right in refusing the motion of Johnson and in

dismissing his petition, and there is error in the proceed-
ings of the court at term time and they must be set aside.

Error.