JUDITH HARRISON et als. v. MARY L. HARGROVE et al.

*Action to Recover Land—Judicial Sale—Defective Service—Recitals in Decree—Verity of Record—Innocent Purchaser.*

Where a court of competent jurisdiction of the subject matter recites in its judgment or decree that service of process by summons or in the nature of summons has been made upon the defendants who are subject to the jurisdiction of the Court, and the judgment is regular on its face, an innocent purchaser under such a judgment or decree will be protected even though the judgment or decree be afterwards set aside on the ground that, in point of fact, there had been no service of process, and, so far as he is concerned, the judgment is conclusive against all persons.

CIVIL ACTION, to recover land, tried before *Coble, J.*, and a jury, at May Term, 1895, of VANCE Superior Court. There was judgment for the defendants, and plaintiffs appealed. A full statement of the facts is contained in the opinion of the Court.

*Mr. J. B. Batchelor* for plaintiffs (appellants).
*Messrs. M. V. Lanier, T. T. Hicks* and *R. O. Burton,* for defendants.

MONTGOMERY, J.: Lunsford A. Paschal, administrator *de bonis non* with the will annexed of Robert Harrison, filed a petition against the widow of the testator and his children, heirs at law, among whom were the plaintiffs in this action, for the purpose of obtaining a decree of sale of the tract of land which is the subject of this action, to make assets for the payment of the debts of the decedent. The decree of sale was made on the third of December, 1870, by the clerk of the court, and in the decree there was a recital, in subtance, that personal service of the summons had been made upon defendants in the following words: "That the non-resident defendant, George Harrison, has been duly notified by publication to appear and answer, &c., and that the resident defendants have been duly served with process summoning them to appear and answer." The pleadings show that George Harrison, one of the children and heirs at law of the testator and one of the defendants in the above mentioned special proceedings, was a non-resident of the State of North Carolina at the time of filing the petition, and that the other defendants in that proceeding, including the plaintiffs in this action, were residents of the State. The defendant's testator and devisor was the purchaser of the land at the sale by Pascal, the administrator of Robert Harrison. A report of the sale was made and in due time confirmed. The proceed-

ings, from the decree of sale to the final decree confirming the sale and ordering the title to be made to the purchaser inclusive, were regular in all respects.

The plaintiffs in 1887, after the death of their mother, instituted this action to recover possession of the tract of land, claiming the same as devisees under the will of their father, Robert Harrison.

At the time of the commencement of this action the defendant, testator and devisor, T. L. Hargrove, was living, and in his answer to the complaint of the plaintiffs set up as a defense the deed of the administrator, Pascal, to him, and the decree of the Court ordering the sale, and which recited that personal service of the summons had been made on the defendants in the special proceeding, among whom the plaintiffs in this action were included, and also the decree confirming the sale. The plaintiffs, finding these decrees in the special proceeding in their way and apprehending that they could not proceed with the action as long as those decrees should remain in existence, made a motion in the Special Proceeding, under which the land was sold, to set aside and vacate the order of sale on the ground that no service of summons had ever been made upon them in that proceeding, and that they had made no appearance in said proceeding, or had any notice thereof. The clerk heard this motion and from his ruling there was an appeal, which was heard by Judge Graves, who, after finding the facts, rendered judgment in the following words: "It is considered by the court as a matter of legal inference, that the purchasers at the adminstrator's sale had notice of the order of the sale and of the want of proper advertising of sale. Therefore, it is considered and adjudged by the court that the said order of sale, made on the third of December, 1870, was irregular and not according to the course of the court as to the persons named as defendants, to wit, Re-

becca Harrison, Judith W. Harrison, Nancy Dement, formerly Nancy Harrison, and Mary Harrison, and is void as to them; and that the same be cancelled and vacated as to them by this order, and that all the orders heretofore made in this action shall be allowed to remain upon the records for the purpose of protecting purchasers and others so far as in law they afford protection. It is further considered that the movers recover their costs.'' From this judgment the defendants appealed to the Supreme Court.

The appeal was heard at the February Term, 1890, and is reported in 106 N. C., 282. In that appeal it does not appear that the question whether or not the decree of sale made in the Special Proceeding protected the defendant in his purchase, notwithstanding it was shown before Judge Graves, when he vacated the judgment, that in point of fact there had been no personal service of summons on the defendants and that they had not appeared therein, was discussed. Whether Judge Graves' judgment, based upon the fact found by him that there had been no personal service of the summons in the Special Proceeding upon the defendants, and that they had made no appearance therein, could have had the effect of divesting the defendant of his rights acquired at his purchase at the administrator's sale, was not passed upon. Indeed, it seems upon reading the opinion that the point was not noticed. In the summary of facts made by the court it is not stated that the decree ordering the sale of the land recited service of the summons upon the defendants. The judgment of Judge Graves, however, was affirmed by this court. After the judgment of Judge Graves had been passed upon, this action was brought to trial and judgment was had for the plaintiffs. Upon appeal to this court by the defendants, reported in 109 N. C., 346, the matter was disposed of on the sole ground of laches in the plaintiffs in bringing their action—

17 years having elapsed between the order of sale in the Special Proceeding and the commencement of this action, and a new trial was granted.

The action then came on for trial before Judge Coble, from whose ruling and judgment the present appeal comes. His honor charged the jury in substance that the purchaser at the administrator's sale (the defendant's testator and devisor) was protected by the decree under which the land was sold —the decree having recited that personal service of the summons had been made upon the defendants in the Special Proceeding for the sale of the land, and that the adminstrator, in his deed, conveyed to the purchaser a good title to the land, and that there was no evidence before the court that the purchaser had notice at the time of the purchase and confirmation of the sale that the defendants had not been served with summons. The language of His Honor is as follows: "But the court instructs the jury that the decree under which the deed to T. L. Hargrove was made cannot be treated as having been set aside so as to affect the right of the defendants who claim under T. L. Hargrove, deceased, who purchased at the sale, unless at the time he purchased and took his deed he had notice in point of fact that the plaintiffs in this action, who were defendants in the proceeding in which the order of sale was made, had not been served with process; and there is no evidence that said Hargrove had such notice. Wherefore the Court instructs the jury that the deed from Pascal, administrator of Harrison, passed to T. L. Hargrove whatever title said Harrison had in the land in controversy, and if the jury believe the evidence the plaintiffs are not entitled to recover, and the jury are instructed that if they believe the evidence they will answer the first, second and third issues No."

That instruction and the exception to it by the defendants present the only point necessary to be discussed and

HARRISON v. HARGROVE.

decided in this case.   On the latter section of this instruc-
tion it can be said, once for all, that there was no error in
His Honor's instruction.   In Judge Graves' findings of
fact, when he vacated the decree of sale in the Special
Proceeding, he did not *find* that the *purchaser, Hargrove,
had notice* that the summons had not been *served upon the
defendants.*   He found, as a fact, that the summons had
not been served upon the defendants, but he did not find
that the purchaser had notice of this failure of service of
the summons; and there is not a word of testimony ap-
pearing anywhere that the purchaser had any such notice.
It is contended for the plaintiffs that the judgment of
Judge Graves vacating the decree for the sale of the land
made in the Special Proceeding is absolute in its meaning,
and that the apparently restrictive words at the end of the
judgment, to wit, "and that all the orders heretofore made
in this action shall be allowed to remain upon the record
for the purpose of protecting purchasers and others so far
as in law they afford protection," refer only to the purcha-
ser's right of George Harrison's interest (he being a non-
resident defendant and served with summons by publica-
tion in the Special Proceeding), and not to the interest of
the defendant, Hargrove, in his purchase of the interest of
the other defendants; and, that as a legal consequence, the
deed of the Administrator Paschal to Hargrove, the pur-
chaser, passed no title.   If it be conceded that the judg-
ment of Judge Graves does have the effect to vacate and
reverse, unqualifiedly, the decree of sale, then, we are face
to face with the question—Is the defendant, whose testa-
tor and devisor was the purchaser under the decree of sale,
protected under the decree which recited that personal ser-
vice of the summons had been made upon the defendants
in the rights acquired by the purchaser under that decree,
and under the deed made to him by virtue of that decree,

notwithstanding it has been since made to appear that personal service of summons of the defendant was in point of fact not made? The judgment of Judge Graves was based, as we have said, on the ground that the defendants in the Special Proceeding for the sale of the land (the plaintiffs here) had not been served with summons, nor had they made any appearance therein. This matter we will now discuss.

The court (Probate Court) at the time the petition for the sale of the land was filed by the administrator, Paschal, and when the decrees were made (1870) had jurisdiction of the subject matter and of the persons interested in the land. The decree of sale, upon its face, was perfectly regular in all respects, and recited the fact that the summons had been served on the defendants. It cannot be insisted that this decree was a void or irregular judgment. It was perfectly regular on its face. In *Doyle* v. *Brown*, 72 N. C., 392, the court declared that "where a defendant has never been served with process, nor appeared in person or by attorney, a judgment agaist him is not simply voidable, but void; and it may be sc treated whenever and wherever offered, without any direct proceeding to vacate it. And the reason is that the want of service of process and the want of appearance is shown by the record itself whenever it is offered. It would be otherwise if the record showed service of process or appearance, when *in fact* there had been none. In such case the judgment would be apparently regular and would be conclusive, until by a direct proceeding for the purpose it would be vacated." In *Sumner* v. *Sessoms*, 94 N. C., 371, the same point is decided in the same way, and the ruling in *Doyle* v. *Brown*, is cited and approved. In *Brickhouse* v. *Sutton*, 99 N. C., 103, the appeal coming up upon the very point raised in this case, where the Superior Court in a decree of dower

recited the fact that the defendant had been served with process and copies of the petition, this court held that "the ascertainment and recital of facts in the record by the court imports verity and binding effect, and must be so treated for all proper purposes of the action until in some proper way the action of the court shall be successfully impeached. Thus, in this case it must be taken that the court, acting upon proper evidence, ascertained and set forth in the record the important fact that the defendants in the proceeding in question were served with the process against them, that is, served regularly, effectually."

The counsel of the plaintiffs, no doubt being aware of these decisions, acted under them, and, as we have said, moved in the original Special Proceeding to vacate and set aside the decree of sale of the land. In the argument before this court, however, they insisted on both views—that the judgment was void, as well as voidable. We have seen that the decree of sale was valid and conclusive until the impeaching order of Judge Graves was made. Now, if we treat the Graves judgment as unqualifiedly adjudging the decree of sale void and set aside, what effect will this court give to that judgment in so far as the rights of the purchaser, at the sale of the land under the decree in the Special Proceeding, are concerned? We think that the decisions of our court settle the question, and that they are in favor of the defendant.

In *Chambers* v. *Brigman*, 75 N. C., 487, the purchaser of real estate, at a commissioner's sale appointed by the court, bought with a knowledge of the fact that the defendant was not served with summons or had notice of the action. This court held that the defendant was not bound by the decree of sale. The court in that case said that "no one can contend that a plaintiff can take any benefit by a purchase which is made under a decree in an action to

which *he knows* that the person, against whom it was made, and who was in possession of the land claiming it as his own, was not truly a party. Had any other than the plaintiff been the purchaser, the case might have presented more difficulty." The case before us presents whatever of difficulty there might be in the suggestion of the court in that case. The purchaser here was no party to the Special Proceeding; he was an outsider and bought under a decree which recited that the summons had been served upon the defendants.

In *Sutton* v. *Schonwald*, 86 N. C., 198, this court held in a case where title had been acquired at a judicial sale of land made by decree of a court of competent jurisdiction and where the party who was owner of the land was not in point of fact a party to the action, but who of record appeared to be a party, that the purchaser was protected and that the deed from the commissioner passed the title to the property. The court said: "In such cases the law proceeds upon the ground as well of public policy as upon principles of equity. Purchasers should be able to rely upon the judgments and decrees of the courts of the country, and though they may know of their liability to be reversed, yet they have a right so long as they stand to presume that they have been rightly and regularly rendered, and they are not expected to take notice of the errors of the court or the laches of parties. A contrary doctrine would be fatal to judicial sales, and values of title derived under them, as no one would buy at prices at all approximating the true value of property, if he supposed that his title might at some distant day be declared void, because of some irregularity in the proceeding, altogether unsuspected by him and of which he had no opportunity to inform himself. Under the operation of this rule, occasional instances of hardship (as this one of the present plaintiffs

seems to be) may occur, but a different one would much more certainly result in mischievous consequences, and the general sacrifice of property sold by order of the court. Hence it is, that a purchaser who is no party to the proceeding is not bound to look beyond the decree, if the facts necessary to give the court jurisdiction appear on the face of the proceedings. If the jurisdiction has been improvidently exercised, it is not to be corrected at his expense, who had a right to rely upon the order of the court as an authority emanating from a competent source—so much being due to the sanctity of judicial proceedings."

In *Morris* v. *Gentry*, 89 N. C., 248, this court said that "it is likewise well settled that courts will protect third persons who honestly do acts and acquire rights under their judgments, although such judgments may afterwards be reversed. All that such persons need be careful to see is that the court had jurisdiction of the parties and the subject matter, and that the order or judgment, upon the faith of which such acts were done or rights acquired, authorized the same to be done or acquired."

In *England* v. *Garner*, 90 N. C., 197, the court said: "It is well settled upon principle and authority, that where *it appears by the record* that the Court had jurisdiction of the parties and the subject matter of an action the judgment therein is valid, however irregular it may be, until it shall be reversed by competent authority: and although it be reversed, the purchaser of real estate or other property at a sale made under and in pursuance of such judgment, while it was in force and while it authorized the sale, will be protected." Of course we are not inadvertent to the provision of our State Constitution which declares "that no man shall be disseized of his freehold or deprived of his life, liberty or property except by the law of the land," and to that provision of the Constitution of the United States

120—14

which provides in like terms, "nor shall any State deprive any person of life, liberty or property without due process of law." This opinion is not at variance, we trust, with the great principle declared in those instruments. We are simply announcing law that is of ancient authority, as well as of recent affirmance, that where a court of competent jurisdiction of the subject matter recites in its judgment a decree that service of process by summons, or in the nature of summons, has been made upon the defendants who are subject to the jurisdiction of the court, and the judgment is regular on its face, a purchaser of property under such a judgment or decree must be protected in his purchase, even though the judgment or decree be afterwards set aside on the ground that in point of fact service of summons had not been made; that such a decree of such a court is the best and highest declaration that the constitutional provisions which require that a person should be heard before he is condemned, and that judgment has been rendered only after trial have been complied with; and that so far as a purchaser under such a decree is concerned, the judgment is conclusive against all persons.

This conclusion renders it unnecessary to pass upon the other exceptions in the case. There was no error in the ruling and judgment of the Court below, and the same is affirmed.

Affirmed.