STRICKLAND v. STRICKLAND.

(Filed October 1, 1901.)

1. PARTIES —*Creditors*—*Personal    Representatives*—*Executors*—
   *Sale of Land to Make Assets.*

   Creditors will not be permitted to become parties plaintiff with
   the personal representative in a proceeding to sell land to
   make assets

2. JUDGMENT—*Irregular—Parties.*

   Proceedings for sale of land to make assets, in which a creditor
   is erroneously allowed to make himself a party plaintiff,
   are not validated by the rendition of a consent judgment
   confirming the sale.

3. JUDGMENTS—*Irregular—Vacating—Motion in the Cause.*

   An irregular judgment can be set aside by a motion in the
   cause if made within a reasonable time.

ACTION by Mary J. Strickland, executrix of Allison Strick-
land, and N. B. Finch, intervenor, against A. A. Strickland
and others, heirs-at-law of Allison Strickland, heard by Judge
*A. L. Coble,* on motion, at Henderson, N. C., March 1, 1901.
From a judgment as set out in the opinion, all the parties
appealed.

*T. T. Hicks,* and *W. M. Person,* for the petitioners.
*Jacob Battle,* and *F. S. Spruill,* for the intervenor.

MONTGOMERY, J.    On the 29th of August, 1892, the Clerk
of the Superior Court of Nash County, in a special proceed-
ing begun by Mary J. Strickland, executrix of Allison Strick-
land, and also in her own right against the devisees and
heirs-at-law of the testator (he dying partially intestate),
for the purpose of selling certain real estate of the testator

to make assets for the payment of his debts, made a decree
for a sale of a part of the land, to-wit, a tract of 84 acres, the
same to be sold by the petitioner, a commissioner appointed
by the Court.   In February, 1895, an order was made, on
the motion of a creditor, N. B. Finch, that the plaintiff and
defendants appear before the Court (the Clerk) on the 2d of
March following and "show cause why some other commis-
sioner shall not be appointed and ordered to make sale of
all the real estate aforesaid for the purpose of paying said
indebtedness and costs."

On the last-mentioned day, notice of the order having
been served, the Clerk, on motion of N. B. Finch, "relieved
the former commissioner, Mary J. Strickland, of the duty
heretofore imposed on her as commissioner," and appointed
B. H. Sorsby commissioner in her place to sell the land; and
Sorsby was ordered to sell not only the 84-acre tract, but to
sell the whole of the real estate of the testator, in case the
proceeds from the sale of the 84-acre tract should not be
sufficient to pay the debts.

On the same day, on motion of N. B. Finch, additional
parties (infant children who were interested) were ordered
to be made, and Finch was allowed to intervene in the action
and required to file a formal petition in the cause, all the
parties, infants and adults, plaintiffs and defendants, being
allowed until the 4th day of May to file an answer to the pe-
tition.

The petition was filed by Finch.   In it he alleged the
death of the testator, the probate of the will, the former order
appointing Mary J. Strickland commissioner to sell the land,
and her failure to do so, the debt due to him from the es-
tate, and prayed for an order of sale of all the real estate of
the testator "in order that said indebtedness may be paid
and the estate closed."   The infants, through their *guardian
ad litem,* filed an answer, in which it was said that the guar-

STRICKLAND *v.* STRICKLAND.

dian had "looked into the matters alleged in said petition and could see no defense to the same on behalf of the said wards, and he therefore admits each allegation of said petition, and asked the Court to protect the interest of his said wards." The other parties did not answer. Sorsby was ordered to sell, the sale took place and was confirmed, and Finch became the purchaser of the 84-acre tract at $75, and of the other real estate (352 acres) at $377.64. The decree of confirmation was a consent one, that is, it was signed by all the parties to the proceeding, and was declared to be a final decree. The following is a part of the decree: "It is now, on motion of the petitioner, and with the consent of the other parties interested, ordered, adjudged and decreed that the said widow, Mary J. Strickland, shall hold during her lifetime, in lieu of dower, the Susan A. C. Sutton tract, or Lot No. 5, containing 50 acres, more or less, together with a portion of the 84-acre tract adjacent to Lot No. 5, to be cut off by an east and west line, so as to make an area of 15 acres to be added to the 50-acre lot." The commissioner was ordered to make a fee-simple deed to the purchaser to the lands bought by him other than the 65 acres, and, as to that, ,he should convey the reversion in fee to the purchaser.

On December 19, 1900, a motion was heard by the Clerk in the said special proceeding to set aside all judgments which had been rendered therein. The motion was at the instance of the parties to the special proceeding, and directed to N. B. Finch—notice of which had been properly served on him. On the 28th of January following, the Clerk found the facts and rendered judgment thereon in law. The parties who made the motion filed numerous exceptions, both to the Clerk's finding of fact and of law, and appealed to the Superior Court in term. Upon the hearing of the matter by his Honor, and judgment being rendered, the plaintiff and

defendants in the special proceeding, and also N. B. Finch, filed exceptions and appealed to this Court.

### APPEAL BY MARY J. STRICKLAND AND OTHERS.

From our view of the case, it is necessary to consider only one of the exceptions of the movers. That exception was to the ruling of his Honor that the orders and decrees made in the special proceeding after and including the one allowing N. B. Finch, the creditor, to intervene, were valid and binding on the movers other than Mary J. Strickland. That ruling of his Honor was erroneous, unless the signing of the judgment of confirmation of the sale of date July 22, 1895, made the proceedings and decree legal and proper. In *Dickey v. Dickey,* 118 N. C., 956, the facts were like those in the case before us, except that the decree was not a final one, and the decree was not signed by the parties. In that case the Court said: "These proceedings, from the time of their commencement at the issuing of the notice by Johnson (creditor) before the Clerk to the last order of the Court, can not be sustained. They are altogether irregular. Creditors can not be permitted to become parties plaintiff with the personal representative in proceedings of this kind. (Petitions by personal representatives to make real estate assets.) All sorts of confusion and delay might and would be the result thereof. The representative might be embarrassed in every step he took to close up his administration." That decision we still think a correct declaration of the law. Probably it might need some modification in a case where the purchaser of the land might be a stranger. Does the fact, then, that the judgment was a correct one affect the ruling in *Dickey v. Dickey, supra?* We think it does not. This Court would not and could not affirm a judgment by consent in a case where the Superior Court had no jurisdiction of the sub-

STRICKLAND *v.* STRICKLAND.

ject-matter in dispute; neither will it do so where, although the Court below might have jurisdiction, the evils that might be reasonably apprehended are patent, and where the proceedings are violative of a sound legal policy and of all rules of practice.

In the case before us, one creditor of a decedent's estate intervenes in a proceeding, such as the law furnishes to the personal representative alone, completely sets aside the personal representative, is the author of every motion, and the beneficiary of every decree made in the cause, and finally concludes the matter by a decree which makes him the owner of more than 400 acres of land for the price of less than $500. It is true that his Honor found as a fact that "from the affidavits before the Court," the land brought a fair price. It is also true that in 1891, 1892, 1893 and in 1894, the land was listed at $4.50 per acre, and at the time of the decree for its sale, at $5.00 per acre. Administration of the estates of decedents must be made through the personal representative. A creditor or creditors can not be allowed to displace the personal representative and take charge of the administration. It is not a question of whether a wrong has been or may be done in a particular case, but it is a question as to whether the personal representative shall administer, or a creditor. It is unnecessary to discuss the ruling of his Honor as to the effect of the decree on Mary J. Strickland, for, from what we have said, the decree as to all will be set aside, and for the reasons given.

We have not failed to notice the other question which was the subject of the appeal on the part of these appellants—the alleged appearance of counsel in the original proceeding—but a consideration of the same is rendered unnecessary by our conclusion on the matter discussed in the appeal.

Error.

STRICKLAND *v.* STRICKLAND.

APPEAL OF N. B. FINCH.

The counsel for N. B. Finch insisted in his argument here that his Honor should have held that the consent decree of July 22, 1895, could not be set aside as to Mary J. Strickland in the present proceeding—a motion in the original cause—and that her remedy, if any, was by another and an independent action.

We think his Honor was not in error on that point. An irregular judgment can be set aside, within a reasonable time, by a motion in the cause. *Harrison v. Hargrove,* 120 N. C., 96; *Morehead Banking Co. v. Duke,* 121 N. C., 110; *Everett v. Reynolds,* 114 N. C., 366.

It is not necessary to consider the other exception of N. B. Finch, for, in the other appeal, we have said that the decrees in the special proceeding should be set aside as to all the parties, and that decision carries with it the exceptions of Finch, except the one just above discussed, and as to that we have said there is no error.

No Error.