FINCH v. STRICKLAND.

(Filed March 4, 1902.)

1. APPEAL—*Transcript—Dismissal.*

Where the trial judge directs the clerk to include certain matter in the transcript and the same is omitted by the direction of the appellant, the appeal will be dismissed.

ACTION by N. B. Finch against A. S. Strickland and others, heard by Judge *E. W. Timberlake,* at November Term, 1901, of the Superior Court of NASH County. From a judgment for the latter, the former appealed.

*Jacob Battle, F. S. Spruill,* and *C. M. Cooke,* for the plaintiff.

*W. M. Person,* and *T. T. Hicks,* for the defendants.

CLARK, J.    In settling the "case on appeal," the appellant insisted that certain affidavits sent up on a former appeal were unnecessary on this appeal, and should be omitted. The appellee contended to the contrary.    The Judge was of the latter's opinion, and directed the Clerk to include them in the transcript.    Afterwards, the appellant directed the Clerk to omit them, and accordingly that part of the transcript is not sent up, and of course not printed.

This defect in the transcript the appellant contends is immaterial; the appellee insists it is vital.    The case must be "settled on appeal" by the Judge below, not by this Court. We can not pass upon the materiality of the omitted matter, as that would require us to go through the whole case on such preliminary motion, and, if found material, then a second argument over the same ground would be necessary after they have been supplied.    Besides, by such practice an appellant could always prolong litigation, if inclined to delay affirmation of the judgment, by simply omitting part of the "case on appeal."

If appellant thought the unnecessary matter had been included by mistake or inadvertence, he should have applied to the Court below, not to resettle the case, but to correct an inadvertence or mistake.    *Boyer v. Teague,* 106 N. C., 571. This case differs from *Farrabow v. Green,* 110 N. C., 414, in that here the Judge has directed this matter sent up and made it a part of the transcript.

When either party thinks unnecessary matter is sent up, his remedy is prescribed in Rule 22 of this Court, Clark's Code (3d Ed.), Rule 22, page 918, and cases there cited, *i. e.,* the taxation of the costs thereof against the party causing

it to be sent up (if adjudged by this Court unnecessary) regardless of the issue of the appeal.

The appellant has not brought up the entire record, as he is required to do, and has not negatived *laches* which was necessary to obtain a *certiorari* to supply the omission, and, indeed, has not asked for one, but admits the omission was by his order. The appeal must be dismissed. *Allen v. Hammond,* 122 N. C., 754.

Appeal Dismissed.