SWIFT v. DIXON.

(Filed September 23, 1902.)

1. LANDLORD AND TENANT—*Evidence—Mortgagor and Mortgagee.*

The evidence in this case is sufficient to authorize the finding of the court that a lease did not cover the entire tract of land in litigation; therefore, the lessee could deny the title of lessor to that part of land not covered by the lease.

2. PARTIES—*Judgment—Estoppel.*

Where, in an action to foreclose a mortgage on land of wife, a summons is served on husband and one on wife, returnable at different terms, the two actions not being consolidated, the wife is not bound by a judgment in the action in which summons was served on husband.

3. LIMITATIONS OF ACTIONS—*Adverse Possession—Color of Title—The Code, Sec. 148.*

Adverse possession under color of title for seven years before the death and three years after the death of a married woman is a bar to an action by her heirs.

ACTION by C. W. Swift and others against R. D. S. Dixon and others, heard by Judge *Frederick Moore,* at November (Special) Term, 1900, of the Superior Court of GREENE County. From a judgment for the defendants, the plaintiffs appealed.

*Geo. M. Lindsay* and *Jarvis & Blow,* for the plaintiffs.
*L. V. Morrill,* and *Connor & Son,* for the defendants.

FURCHES, C. J. In 1877, Anna S. Rawls was the owner of the land in controversy, and her husband, Isaiah Rawls, was indebted to William Devries & Co., and to Devries, Young & Co., and to secure this indebtedness the said Anna S. Rawls and her husband, Isaiah Rawls, made and executed a deed in trust to W. T. Dortch on said land. This indebtedness not being fully paid, said Dortch, trustee, on the 1st

day of September, 1878, commenced an action by the issuance of a summons against the said Isaiah Rawls and wife, Anna S. Rawls, for the purpose of foreclosing said trust, returnable to Fall Term of Greene Superior Court. Service of this summons was acknowledged by Anna S. Rawls, but no service was made upon her husband, Isaiah Rawls. But this summons was not returned to said Fall Term, or, if it was, it was not put upon the docket of said Court. And on the 2d day of March, 1879, the plaintiff Dortch commenced another action, by issuing another summons against said Rawls and wife, which was served on the husband alone; and at said Spring Term of said Court, the plaintiff filed his complaint and took judgment for want of an answer, no appearance ever having been made by either of the defendants named in the summons.

Under this judgment, Isaac F. Dortch, the commissioner named in the judgment, sold said land on Saturday, the 17th day of January, 1880, when William R. Devries became the purchaser, at the price of $1,500, which sale was reported to Spring Term of said Court and confirmed.

It appears that said deed from Isaac F. Dortch to Devries, the purchaser, was executed before the sale was reported and confirmed. It also appears from the decree of the Court confirming said sale, that the purchaser was one of the plaintiffs in the action under which the land was sold.

It also appears from the mortgage itself, that while it conveyed a large boundary of land, being the entire tract on which the mortgagors resided, it contained the following: "The said Anna S. Rawls reserving, however, her homestead right under the Constitution and laws of the State in the said land." This homestead had been laid off and located by metes and bounds before the sale by the said commissioner. And he sold and conveyed to Devries under the same terms of reservation as those contained in the mortgage; and all

the mesne conveyances from Devries contain the same reservations as to the homestead of Mrs. Rawls down to the last, which is a deed from Jones to the defendant Dixon, which deed only conveyed that part of the tract outside of the homestead boundary.   But after the death of Mrs. Rawls, the defendant bought and took a deed from Jones for that part of the land covered by the homestead.   After the death of Isaiah Rawls, and on the 22d of November 1890, the defendant Dixon leased from Mrs. Rawls "all her land and interest in the land that she formerly resided on in Greene County, and known as the 'Dr. Swift farm,' for the year 1891, and as long thereafter as the party of the second part wishes this lease to be in force," for the price of $150, or 1,700 pounds of lint cotton, per year.   Isaiah Rawls died on the 18th day of May, 1893, and Anna S. Rawls died in February, 1900, and the plaintiffs are the children and heirs at law of the said Anna S. Rawls, and this action is brought to recover said land.

A jury trial was waived, and the whole case was submitted to his Honor to find the facts and declare the law, which he proceeded to do, and the same are set out and sent up as a part of the case on appeal, with the plaintiffs' exceptions thereto.

These findings are very lengthy, covering thirteen pages of printed matter, and we will not, therefore, set them out in full, but will state such as we think have any bearing in the case, and we have already stated the most of those we think of any importance to its consideration.

It was contended by the plaintiffs that the lease from Mrs. Rawls to the defendant, made in October, 1890, covers the whole tract of land mortgaged to Dortch, and was an estoppel on the defendant to deny the title of Mrs. Rawls to the whole tract; while the defendant contended that it only extended to that part of the tract covered by the homestead

allotment. And his Honor sustained the defendant's contention, and found as a fact that it only covered the homestead. This is final and not reviewable by this Court, if there is any evidence to sustain such finding. This is admitted by the plaintiffs, but they say there is no such evidence; but it seems to us there was such evidence as authorized the finding. There was the fact that the plaintiffs had bounght the land outside of the homestead boundary from Jones, were in possession of it before the date of this lease, and had been for a number of years treating it as his own, taking the rents and profits, and paying none to any one. He paid no rent to Mrs. Rawls until after this lease was made, when he went into possession of the homestead boundary and paid her rent for the same. This evidence, we think, authorized the Court to make this finding, as it is unreasonable to suppose he would have leased his own land from Mrs. Rawls.

The Court finds that the summons issued to Fall Term, 1878, was never placed on the docket until he ordered it to be done at this trial, and finds there was no order for an alias, nor to consolidate the two actions.

Upon the facts found, the Court held, as a matter of law, that Anna S. Rawls was a party to and bound by the judgment taken at Spring Term, 1879. In this there is error.

It is manifest that the complaint was filed at Spring Term, 1879, upon the summons, returnable to that term of the Court. It is true that there is not a mark on the complaint to show when it was filed, not even on the verification. But how could it have been filed before then, when there was no such case on the docket? Where the plaintiff in an action is the purchaser of land, the burden is upon him and those claiming under him to show that everything necessary to sustain the judgment has been done. *Lyerly v. Wheeler*, 33 N. C., 288, 53 Am. Dec., 414, approved in *Lee v. Eure*, 82 N. C., 28, and many other cases.

We see no connection between the summons returnable to Fall Term, 1878, and the action in which the judgment was taken. There is nothing on the docket to show any connection between the summonses, and if there was, it devolved upon the plaintiff in the action under which the land was sold, and those claiming under him, to show it (if it could be shown outside the records themselves). This being so, the said Anna S. was never a party to the action in which the judgment of foreclosure and sale was had. The defendant cites *Harrison v. Hargrove,* 120 N. C., 96, 58 Am. St. Rep., 781, as sustaining his contention, upon the ground that although Anna S. was not in fact served, the Clerk inadvertently entered upon the docket that she had been served. Whether this (if the plaintiff had not been the purchaser) would have availed the defendant or not, as the record proper showed that she had not been served, it is not necessary for us to say. But as one of the plaintiffs was the purchaser at the commissioner's sale, it was his duty to know whether she had been served, and if she had not been, he got no title. *Lyerly v. Wheeler, supra.* The case of *Harrison v. Hargrove* is distinctly put upon the ground that he was *not a party,* and was an innocent purchaser *without notice,* and is therefore distinguished from *Chambers v. Brigman,* 75 N. C., 487, where it was held the purchaser got no title. If Hargrove had been a party to the action under which he bought, he would have gotten no title, and the plaintiffs in that case would have recovered. Then, William R. Devries got no title by this sale, and the purchaser from him got nothing but a color of title. But the deed from Devries to Jones and Beaman is dated the 6th of October, 1880, and they immediately entered into possession of all the land outside the homestead boundary, and they and those claiming under them, down to and including the defendant, have been in the actual, adverse possession of said land ever since, except

the land covered by the homestead, and that remained in possession of Mrs. Rawls, by herself and her tenants, down to and at the time of her death, that is, from 1880 to 1900.

As defendant and those under whom he claimed have held possession under color of title seven years, this would have been sufficient to ripen the title, if there had been no exception to the general rule. But as Mrs. Rawls was a married woman, time was not counted against her until her husband died, on the 18th of May, 1893, provided she availed herself of the statutory time to bring her action after his death, which was three years, Section 148 of The Code. That time expired on the 18th of May, 1896, and this action was not commenced until the 28th day of April, 1900. The plaintiffs, therefore, are barred by the lapse of time, actual adverse possession and the statute of limitations, from recovering that part of the land sued for outside of the homestead boundary. But they are not barred by the statute, are the owners of and entitled to recover that part of the land sued for embraced within the homestead boundary.

There is error, and the judgment of the Court below will be modified in accordance with this opinion.

Error.