FINCH v. STRICKLAND.

(Filed March 10, 1903.)

1. AMENDMENTS—*Trial—Ejectment.*

An amendment effecting a complete and radical alteration in the whole scope and nature of the action should not be allowed.

2. IMPROVEMENTS—*Betterments—Ejectment—The Code, Sec. 473.*

A claim for improvements will not be allowed a person holding land under an invalid decree.

ACTION by N. B. Finch against Mary J. Strickland and others, heard by Judge *Francis D. Winston,* at August Term, 1901, of the Superior Court of Nash County. From an order allowing an amendment to the complaint, the defendants appealed.

*Jacob Battle,* and *F. S. Spruill,* for the plaintiff.
*W. M. Person,* and *T. T. Hicks,* for the defendants.

CLARK, J. Allison Strickland died in 1891, having devised all his property real and personal to his widow, Mary J. Strickland, during her widowhood, and subject to this devise to her, he gave his lands to his six children, specifying number of acres to each, which covered all his realty except one tract of 84 acres. In 1892, the widow, as executrix, filed a proceeding to sell this last named tract to make assets to pay debts, and one Minshew purchased, but paid only $40.00 thereon. In 1895, the plaintiff N. B. Finch, claiming to be a creditor of the deceased, intervening in said proceeding, procured an order not only for re-sale of the said 84

acres, but obtained an order for the sale of all the realty, and a consent order was made by which 65 acres were set apart to the widow in lieu of dower, and all the realty subject to this reservation was sold and purchased by the plaintiff, and the sale was confirmed.

The plaintiff began this action 14 May, 1900, to recover of A. S. Strickland 99½ acres specifically described by metes and bounds, which was the tract devised to him by the will of Allison Strickland. Said A. S. Strickland then moved in the original proceeding, in which the land had been sold, to invalidate and set aside the decree which was the foundation of the plaintiff's title. That proceeding came before us, *Strickland v. Strickland,* 129 N. C., 84, when this court held that the original proceeding was irregular and that the judgment should be set aside *in toto.* Pending that appeal, the plaintiff obtained leave to amend his complaint and make the widow a party to this action, and the defendant excepted. At November term, 1901, of the court below, judgment was entered in the original cause that the plaintiff surrender possession of all the lands to Mary J. Strickland the life tenant. The appeal of the plaintiff from that judgment was dismissed for insufficiency of transcript on appeal caused by disobedience of the directions and order of the judge who had settled the case on appeal. *Finch v. Strickland,* 130 N. C., 44.

At August term, 1901, of the court below, the plaintiff again obtained leave to amend the complaint and summons by which all the devisees and heirs at law of Allison Strickland were made parties, and relief was asked to subject all the lands of the testator to the payment of the court costs, lawyers and commissioners' fees incurred in the above proceedings, including allowances to the guardian ad litem, payments to auctioneers and taxes, aggregating about $600.00, and, in addition for betterments placed on the property by

the plaintiff. The defendants excepted and appealed, and this presents the sole question before us.

A simple action of ejectment against one person for 99 and ½ acres cannot thus be expanded into an equitable proceeding against 21 persons to decree a lien on 426 acres, as above set forth. This is such a complete and radical alteration in the whole scope and nature of the action that the utmost liberality of amendment, which is recognized by The Code of Civil Procedure, cannot be stretched to cover it. *Mizzell v. Ruffin,* 118 N. C., 69, and other cases cited in Clark's Code (3 Ed.) at pp. 300, 301.

Besides, as to betterments they are only allowed by The Code, Sec. 473, to *defendants* against whom judgment has been rendered in an action of ejectment. At the utmost, the plaintiff would only be entitled, when sued for rents and profits, to set up such betterments as an equitable counterclaim upon showing that he was in possession under a title which he believed to be good. *Thurber v. LaRoque,* 105 N. C., 301. There is no equity to charge betterments as a lien on the land in such a case as this, for the law does not imply any contract on the part of the defendants to pay for improvements put upon land sold under an invalid decree, obtained and procured by the purchaser. If by reason of the above transactions, the plaintiff's original debt against Allison be not barred by limitation, it is still open to him to subject the testator's realty to payment thereof.

If the only error was that the above amendments were improperly granted, the case might go back that they might be struck out, but as it affirmatively appears in the record that the plaintiff's original basis of action to recover the 99½ acre tract has been taken away by the decree of November term, 1901, below, let it be entered here.

Action dismissed.