DIXON v. JONES.

(Filed September 19, 1905).

*Deeds—Covenants of Warranty.*

Where, in an action for breach of covenants of warranty contained in two deeds, one executed in 1886 and the other in 1895, the plaintiff recovered all that he was entitled to recover for breach of the covenant in the deed of 1895, his exception to the ruling that he could not recover on the covenant contained in the deed of 1886, is without merit, where the deed of 1886 does not purport to convey any part of the land from which the plaintiff has been legally evicted, as the warranty can extend no further than the land described in the deed containing the warranty.

ACTION by R. D. S. Dixon against J. O. W. Jones, to recover damages for breach of covenants of warranty contained in two deeds executed by defendant to plaintiff, heard by *Judge W. B. Councill* and a jury, at the December Term, 1904, of the Superior Court of GREENE County. From a judgment in favor of plaintiff, he appealed.

*Geo. M. Lindsay* and *L. V. Morrill* for the plaintiff.
*L. I. Moore* and *F. A. Woodard* for the defendant.

BROWN, J. The material facts condensed from the record and case on appeal, briefly stated, are as follows:

1. On August 31, 1886, the defendant executed and delivered to the plaintiff a deed with the usual covenants of seizin, quiet enjoyment and general warranty, by which, for the consideration of $2,500 paid by plaintiff, he conveyed to plaintiff a tract of land in Greene County, described as follows: "Adjoining the lands of W. H. Edwards, Annie S. Rawls and others, bounded as follows, viz., beginning at Fool's Bridge, on the north side of Contentnea creek, and runs with the Goldsboro road to a point opposite the canal, which is the dividing line between Mrs. A. S. Rawls's dower or homestead and the tract hereby conveyed to the said Dixon, then the course of said canal and with said dower or homestead line of Mrs. Annie S. Rawls to Contentnea creek, then up the various courses of said creek to the beginning, containing 225 acres more or less."

2. On January 1, 1895, the defendant executed and delivered to the plaintiff and his wife, a deed with the usual covenants of seizin, quiet enjoyment and general warranty, by which, for the consideration of $500 paid by plaintiff, he conveyed to plaintiff and plaintiff's wife a tract of land in Greene County, described in said deed as follows: "Adjoining the lands of John Harvey, O. F. Worrell, R. D. S. Dixon and the Cobb heirs and others, bounded as follows: situated on the south side of the Goldsboro and Greenville road, and in the north fork of Fort Run and Contentnea creek and lying on the east side of the Snow Hill and Wilson road, and bounded on the west by the same and on the south by the Fort Run, and known as lands conveyed by the dower or life estate of Mrs. Annie S. Rawls, as by reference to record of same will more fully appear, containing by estimation 222½ acres more or less, the same being the tract or parcel of land conveyed by Marcellus Edwards to Dr. Swift." At December term, 1902, W. C. Swift and others recovered final

judgment against the plaintiff Dixon for all of the land covered by the above deeds which had ben allotted to Annie S. Rawls as her homestead. *Swift v. Dixon,* 131 N. C., 42.

In his complaint the plaintiff practically sets out two causes of action, one for the breach of the covenants contained in the deed of 1886 and another for the breach of the covenants in the deed of 1895.

The plaintiff contends that the lands, from which he has been evicted, embrace all the lands described in both deeds, except about 75 acres, which he claims are not worth over $500. His Honor gave judgment for the plaintiff upon the second cause of action for breach of the covenants in the deed of 1895 for all that the plaintiff under the evidence was entitled to recover for breach of those covenants, and held that the plaintiff was estopped to sue on the covenant contained in the deed of 1886. To this last ruling relating to the deed of 1886, the plaintiff excepted.

In the view we take of this appeal it is unnecessary to discuss the question of estoppel so fully argued by counsel.

We are of opinion that the deed of 1886 does not purport to convey any part of the land included in the judgment in *Swift v. Dixon,* and from which land only the plaintiff has been legally evicted. That judgment embraces none of the Rawls land except the homestead of Annie S. Rawls, which, in the language of the opinion, "had been laid off and located by metes and bounds before the sale by the commissioner." The deed of August 31, 1886, calls for "a point opposite the canal which is the dividing line between Mrs. Annie S. Rawls's homestead and the tract hereby conveyed to the said Dixon, thence the course of said canal and with said homestead line of Mrs. Rawls to Contentnea creek."

It is perfectly apparent that the deed of 1886 covers no part of the homestead, and as the warranty can extend no further than the land described in the deed containing the warranty, we are at a loss to understand the foundation of

DIXON *v.* JONES.

the plaintiff's contention. The opinion in *Swift v. Dixon,* *supra,* takes the same view we do. In referring to this deed of 1886, *Furches, C. J.,* says, "Which deed only conveyed that part of the tract outside the homestead boundary. But after the death of Mrs. Rawls, the defendant (meaning Dixon) bought and took a deed from Jones for that part of the land covered by the homestead." This last reference is evidently to the deed of 1895. This latter deed does cover the homestead and nothing more, and as the plaintiff has been evicted from that, he was entitled to recover damages under the covenants contained in that deed. His Honor properly adjudicated such damages and gave judgment against the defendant therefor. He held that the plaintiff was entitled to recover nothing on account of the deed of 1886, which ruling we affirm, although upon other grounds than those which seem to have influenced the court below, the correctness of which it is not necessary for us to pass upon.

Affirmed.

CONNOR, J., did not sit on the hearing of this appeal.